

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-22-00475-CV

———————————————————

ONCOR ELECTRIC DELIVERY COMPANY NTU LLC, Appellant

V.

YOUNG CENTRAL APPRAISAL DISTRICT AND YOUNG COUNTY APPRAISAL REVIEW BOARD, Appellees

On Appeal from the 90th District Court
Young County, Texas
Trial Court No. 34595

Before Kerr, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

This case is a property-tax dispute in which Appellant Oncor Electric Delivery Company NTU LLC seeks a reduction in the appraised value of an Oncor-owned electric transmission line in Young County. Oncor sued Appellees Young Central Appraisal District and Young County Appraisal Review Board (the ARB) to correct an alleged error in the transmission line's value on the Appraisal District's 2019 appraisal roll that—according to Oncor—increased its tax bill by almost $632,000 for that year. The Appraisal District moved for summary judgment seeking to dismiss the case for lack of subject-matter jurisdiction. After the trial court heard the Appraisal District's summary-judgment motion, the ARB answered, asserting among other things that the trial court lacked subject-matter jurisdiction because the ARB was not a proper party to the suit and because the ARB was entitled to governmental immunity. The same day the ARB answered, the trial court signed an order granting the Appraisal District's motion and stating that the order disposed of all parties and claims.[1]

---

[1]The order expressly granted only the District's summary-judgment motion and did not expressly rule on the jurisdictional challenges that the ARB raised in its answer. But the order states, "This Summary Judgment [motion] resolves this case in favor of the Defendant and denies *all relief* to the Plaintiff. . . . This order disposes of all parties and issues herein and is final and appealable." [Emphasis added.] Because the order includes unequivocal finality language that expressly disposes of all claims and parties, it is a final judgment. *See, e.g.*, *Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024); *In re Elizondo*, 544 S.W.3d 824, 826 (Tex. 2018) (orig. proceeding); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001).

Oncor appealed. After we considered the issues raised and the arguments that the parties presented in their briefs and at oral argument,[2] we abated the appeal pending the Texas Supreme Court's resolution of two cases that presented nearly identical facts and issues to this case. *See Oncor Elec. Delivery Co. NTU, LLC v. Wilbarger Cnty. Appraisal Dist.*, No. 23-0138 (Tex.); *Mills Cent. Appraisal Dist. v. Oncor Elec. Delivery Co. NTU LLC*, No. 23-0145 (Tex.). The supreme court has issued an opinion in those appeals, *see Oncor Elec. Delivery Co. NTU, LLC v. Wilbarger Cnty. Appraisal Dist.*, 691 S.W.3d 890 (Tex. 2024), and Oncor has thus moved to reinstate this appeal and requested that we reverse the trial court's judgment and, "consistent with" the supreme court's decision, remand this case to the trial court for further proceedings.[3]

We grant the motion, reinstate the appeal, reverse the trial court's October 31, 2022 order, and remand the case to the trial court. *See* Tex. R. App. P. 43.2(d).

---

Within Oncor's first issue, it suggests that the judgment is erroneously final. We agree. *Cf. G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) ("When a trial court grants more relief than requested and, therefore, makes an otherwise partial summary judgment final, that judgment, although erroneous, is final and appealable."); *Lehmann*, 39 S.W.3d at 200 ("[I]f a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final.").

[2]The ARB filed a brief but did not appear at oral argument.

[3]The motion's certificate of conference reflects that the Appraisal District is unopposed to the motion but that counsel for the ARB did not respond to Oncor's attempts to confer on the motion. The ARB has not responded to Oncor's motion.

                                        /s/ Elizabeth Kerr
                                        Elizabeth Kerr
                                        Justice

Delivered:  October 10, 2024